**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4550

MARK GREGORY YOUNG,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-97-288-CCB)

Submitted: April 30, 1999

Decided: June 8, 1999

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished opin-
ion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Sigmund R. Adams, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Bonnie S. Greenberg, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Gregory Young pled guilty to bank fraud, 18 U.S.C.A. § 1344 (West Supp. 1999) (Count Three), destruction of government property, 18 U.S.C.A. § 1361 (West Supp. 1999) (Count Four), possession of stolen mail, 18 U.S.C.A. § 1708 (West Supp. 1999) (Count Eleven), and possession, production and transfer of implements used to make false identification documents, 18 U.S.C.A.§ 1028(a)(5) (West Supp. 1999) (Count Twelve). The district court departed above the guideline range on two grounds and imposed a sentence of 105 months imprisonment. On appeal, Young challenges these departures. He has also moved for leave to file a pro se formal brief and for reconsideration of an order denying him leave to proceed pro se. His attorney has moved to withdraw. We deny the motion for reconsideration and the motion to withdraw but grant leave to file the revised pro se formal brief in which Young contests both his conviction and his sentence.* After consideration of the issues raised by counsel and by Young, we affirm the conviction but vacate the sentence and remand for resentencing.

Young has a long history of fraud offenses, often involving stolen mail. In 1997, he broke into six postal vehicles in Baltimore, Maryland, and used the information he acquired from the stolen mail to identify potential victims and to create false identification documents. With the help of two accomplices, Young then made withdrawals from his victims' bank accounts. He also used stolen credit card access checks and at least once had an accomplice use a stolen check card to purchase items which were then pawned. The actual amount withdrawn or otherwise stolen by Young using stolen mail was $47,182.

_____

*We also grant Young's motion to strike his previous motion for leave to file an earlier version of the pro se brief.

2

When Young was arrested, postal inspectors seized from his motel room stolen mail, credit card statements, bank statements, credit card access checks, false identification documents, and templates used to make such documents. In his briefcase was a notebook he referred to as the "go book" which listed personal and financial information about numerous Maryland residents and the credit available to each. The available credit listed for the potential victims in the "go book" and on other pieces of stolen opened mail in Young's room was in excess of $800,000.

At sentencing, the district court followed the probation officer's recommendation to group all four counts together. Over Young's objection, the court enhanced the base offense level for the fraud count, the most serious offense, by eleven levels, finding that the intended loss was more than $800,000. See U.S. Sentencing Guidelines Manual § 2F1.1(b)(1)(L) (1997). Young was already in criminal history category VI, the highest category, but the court departed upward from the guideline range by adding two offense levels pursuant to § 4A1.3, p.s., based on Young's history of recidivism and the likelihood that he would commit similar crimes again. The court also departed upward by two levels under Application Note 4 to USSG § 2B1.3 (Property Damage or Destruction), which encourages departure when the value of property damaged or destroyed does not adequately reflect the extent of the harm done. The departures resulted in a guideline range of 84-105 months. The court imposed a sentence of 105 months imprisonment, restitution in the amount of $47,594, a term of three years supervised release, and a special assessment of $100 on each count.

We first find that the district court did not abuse its discretion in departing under § 4A1.3. Counsel suggests that the district court erred in not identifying the factors supporting the departures as "encouraged" factors or otherwise, and failed to follow the departure procedure set out in Koon v. United States, 518 U.S. 81 (1996), or the procedure required by this court specifically for criminal history departures. See United States v. Harrison, 58 F.3d 115, 117-18 (4th Cir. 1995); United States v. Rusher, 966 F.2d 868, 882 (4th Cir. 1992). However, departures for inadequate criminal history category are clearly encouraged under the guidelines. The district court reviewed Stevens' past criminal conduct and explained that category

3

VI was inadequate and a one-level departure would be insufficient because of the strong likelihood that Stevens would continue with the same conduct when released. We find that the court properly justified its decision to depart under § 4A1.3 as well as the extent of the departure.

The departure pursuant to § 2B1.3 is more problematic. A sentencing court may depart above the guideline range if it identifies an aggravating circumstance that has not been adequately considered by the Sentencing Commission. See United States v. Terry, 142 F.3d 702, 705 (4th Cir. 1998). In determining that such a factor exists, the district court must examine the guidelines, policy statements, and commentary. See id. (citing United States v. Barber, 119 F.3d 276, 280 (4th Cir. 1997)).

We find that, absent additional findings of fact, the departure was an abuse of discretion. First, § 2B1.3 and its Application Note 4 apply to Count Four, damage to a postal vehicle in violation of 18 U.S.C.A. § 1361, not to the stolen mail count, and not to the fraud count which, in this case, governed the offense level calculation. Thus, Application Note 4 encourages a departure only if the harm caused by the damage done to the property in question (in this case, the postal vehicles) is not adequately reflected by the monetary value of the property loss. Here, Young broke windows on six postal vehicles, causing less than $1000 of damage. The damage to the vehicles, however, was not the cause of the harm which prompted the court's departure. Section 2B1.3(b)(2) provides an enhancement for destruction of undelivered mail, but Stevens did not destroy mail. Rather, the district court departed because of harm it believed resulted from Young's theft of mail. That conduct was charged in Count Eleven and was adequately addressed in § 2B1.1 (Larceny and Theft), the guideline applicable to the violation of 18 U.S.C.A. § 1708 charged in Count Eleven.

Second, § 2B1.1 includes a two-level enhancement for an offense involving undelivered United States mail. See USSG § 2B1.1(b)(3). The enhancement did not affect Young's final offense level because the fraud count carried a higher offense level and determined the offense level for all four counts of conviction. See USSG § 3D1.3(a). However, the availability of the subsection (b)(3) enhancement reveals that the Sentencing Commission considered the factor of

4

undelivered mail and the inconvenience it might cause to multiple postal customers. That factor was thus accounted for in the guideline calculation, even though it did not increase Stevens' sentence.

Therefore, harm caused by the undelivered mail could not support a departure unless the effect of the undelivered mail was somehow shown to be unusual for an offense involving stolen mail. The Supreme Court held in Koon that, when an aggravating factor is taken into account in the applicable guideline, departure is permissible only if the factor is "present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon, 518 U.S. at 96.

Regrettably, the district court did not specifically find that the theft of over 6,000 pieces of mail was atypical of cases involving stolen mail. Although two witnesses testified about the effect of Young's conduct on them, we do not question that Young's conduct harmed the postal customers whose mail was stolen. The relevant question is whether the harm was unusual for an offense involving stolen mail. Because the departure was not properly justified, we are constrained to vacate the sentence and remand the case for the district court to determine whether stealing 6,000 pieces of mail, and the resulting harm, was so extraordinary that it was outside the "heartland" of situations encompassed by § 2B1.1(b)(3) (theft of United States Mail).

Young also maintains, and the government concedes, that the special assessment on Count Four should be $25 rather than $100. On remand, the district court should correct the judgment order to reflect this change.

In his pro se supplemental brief, Young alleges that jurisdiction is lacking for a prosecution under § 1344, that the evidence did not support an intended loss of more than $800,000, that the government breached the plea agreement by arguing for a loss in that amount, and that the district court erred in failing to reduce his offense level under § 2X1.1. We have considered these issues and find them to be without merit.

We therefore affirm the conviction but vacate the sentence and remand for resentencing in accordance with this opinion. We dispense

5

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED

6